OPINION
{¶ 1} Defendant-appellant Ivory D. Talley-Davis appeals her August 1, 2005 conviction on one count of driving while under the influence, in violation of R.C. 4511.19(A)(1)(a) and on a marked lane violation, pursuant to R.C. 4511.33. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 9, 2005, at approximately 1:05 a.m., while following appellant's vehicle, Ohio State Highway Patrol Trooper Chad Maines observed a lit cigarette being thrown from the vehicle, in violation of R.C. 3767.32. Trooper Maines then observed the vehicle drift to the right and cross the white fog line before swerving back into the appropriate lane of travel. At trial, Trooper Maines testified the vehicle was over the fog line approximately two tire widths or for roughly two seconds. When the vehicle stopped at a traffic light, Trooper Maines initiated a stop. Trooper Maines' cruiser video recording device was not activated until after he observed the marked lanes violation.
 {¶ 3} In speaking with appellant, Trooper Maines testified he observed a strong odor of an alcoholic beverage on her breath, as well as, red glassy eyes. He also observed appellant's clothes were soiled with cigarette ash. Appellant admitted to having two beers, at which point Trooper Maines asked her to step out of the vehicle to conduct field sobriety tests. After having performed the tests, Trooper Maines determined appellant was under the influence of alcohol. As he attempted to handcuff appellant, she jerked away from him and ran into the eastbound lane of traffic. Following a chase, Trooper Maines apprehended appellant. He then read to her the BMV 2255 Form and asked her to submit to a BAC test, which she refused.
 {¶ 4} Appellant was charged with operating a vehicle under the influence, in violation of R.C. 4511.19(A)(1)(a) and a marked lanes violation, pursuant to R.C. 4511.33. On April 29, 2005, appellant filed a motion to dismiss the complaint for lack of probable cause. The trial court overruled appellant's motion. Following a jury trial, appellant was found guilty on the OVI charge and the marked lanes violation. Appellant now appeals her convictions, assigning as error:
 {¶ 5} "I. THE CONVICTIONS HEREIN ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 6} "II. THE TRIAL COURT ERRED AND/OR COMMITTED PLAIN ERROR BY OVERRULING APPELLANT'S OBJECTION DURING APPELLEE'S CLOSING ARGUMENT.
 {¶ 7} "III. THE TRIAL ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS DUE TO LACK OF PROBABLE CAUSE TO ARREST FOR OVI."
 I {¶ 8} In the first assignment of error, appellant maintains her convictions are against the manifest weight of the evidence.
 {¶ 9} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 10} Appellant was convicted of driving while under the influence, in violation of R.C. 4511.19, which states in pertinent part:
 {¶ 11} "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
 {¶ 12} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 13} Appellant was also found guilty of a marked lanes violation, pursuant to R.C. 4511.33, which states, in pertinent part:
 {¶ 14} "(A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 {¶ 15} "(1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."
 {¶ 16} This Court has reviewed the entire record and we find the jury properly considered all of the facts and weighed the credibility of the witnesses. Trooper Maines testified at trial he observed a cigarette being thrown from appellant's vehicle, in violation of R.C. 3767.32, and a marked lanes violation, and upon initiating a stop observed an odor of alcohol about appellant and red, glassy eyes. He asked her to step out of the vehicle to conduct a field sobriety test, which she failed. Upon apprehension, appellant attempted to flee, and was caught. She then refused the BAC test. The weight of the evidence and the credibility of the witnesses are within the province of the trier of fact. We conclude, there was sufficient evidence to support the convictions, and there was no manifest miscarriage of justice.
 {¶ 17} The first assignment of error is overruled.
 II {¶ 18} In her second assignment of error, appellant asserts the trial court erred in overruling appellant's objection during closing argument. Specifically, appellant argues the prosecutor in this matter improperly stated,
 {¶ 19} ". . . What did she do, she refused the test, she got her license suspended for a year because she didn't want the trooper or anybody else to know how much she actually had to drink that night. She's the only one [sic.] actually knows how much it was and she's not letting anybody else no [sic.] it." Tr. at 49.
 {¶ 20} Appellant notes there was only one witness who testified at trial, Trooper Maines, and appellant herself did not take the stand, exercising her right not to testify against herself pursuant to the Fifth Amendment.
 {¶ 21} The trial court overruled appellant's objection to the prosecutor's statements.
 {¶ 22} In State v. Lott (1991), 51 Ohio St.3d 160, the Ohio Supreme Court held the test for prosecutorial misconduct requires the conduct prejudicially affect the substantial rights of the defendant. While we agree with appellant's the prosecutor's remarks amount to an indirect comment on appellant's right against self-incrimination, we do not find appellant has demonstrated sufficient prejudice from this isolated remark in the prosecutor's closing argument to merit reversal. Therefore, we overrule the assignment of error.
 III {¶ 23} Finally, appellant asserts the trial court erred in overruling her motion to dismiss the complaint sub judice due to lack of probable cause to arrest.
 {¶ 24} As discussed in our analysis and disposition of appellant's first assignment of error, Trooper Maines observed a lit cigarette being thrown from the vehicle, an offense in and of itself, and observed appellant's vehicle cross the fog line, a marked lane violation. Furthermore, after initiating the stop, Trooper Maines observed an odor of alcohol about appellant and red, glassy eyes. After conducting a field sobriety test, which appellant failed, he determined her to be under the influence of alcohol. Appellant attempted to flee upon being apprehended, and refused the BAC test.
 {¶ 25} Based upon the above, the trial court did not err in overruling appellant's motion to dismiss the charges based upon lack of probable cause. Furthermore, we note the lack of probable cause to arrest does not mandate dismissal but rather only results in the suppression of evidence gathered as a result of the illegal arrest.
 {¶ 26} The third assignment of error is overruled.
 {¶ 27} Appellant's August 1, 2005 convictions in the Licking County Court of Common Pleas are affirmed.
Hoffman, J., Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.